**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4085**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EUGENE MCGILVERY, III,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:21-cr-00002-MR-WCM-1)

———————————

Submitted:  April 15, 2025                      Decided:  September 10, 2025

———————————

Before RUSHING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** John G. Baker, Federal Public Defender, Megan C. Hoffman, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene McGilvery, III, appeals the 24-month consecutive sentence imposed by the district court upon the revocation of McGilvery's supervised release. We find no reversible error and affirm.

I.

McGilvery pleaded guilty to a felon-in-possession charge in 2015 and was sentenced to 77 months imprisonment and a three-year term of supervised release. He was released from custody in 2021 and almost immediately violated the terms of his supervised release. In April 2021, the district court revoked McGilvery's supervised release and imposed an 18-month term of imprisonment followed by 18 months of supervised release. McGilvery was released from prison on July 8, 2022.

McGilvery violated the terms of his release in very short order. He used marijuana less than a week after his release, tested positive for marijuana again in October 2022, and failed to attend substance abuse classes as directed. McGilvery also committed new crimes. In September 2022, the State of North Carolina charged McGilvery with driving without a license, insurance, or registration, and with using fictitious license tags. And in October 2022, McGilvery was arrested by state authorities after a traffic stop and charged with trafficking methamphetamine. The state drug charges were ultimately dismissed, and McGilvery was subsequently indicted on federal drug charges based on the October event.

On November 8, 2022, McGilvery's probation agent filed a petition seeking revocation of supervised release. The petition and subsequent addendum alleged ten separate violations, including several based on the October drug offense.

2

McGilvery pleaded guilty to one count of possessing methamphetamine with intent to distribute. *See* 18 U.S.C. § 841. The charge to which McGilvery pleaded guilty carried a mandatory minimum sentence of 120 months, and the PSR calculated the advisory sentencing range to be 120-135 months. As to the supervised release violations, the PSR noted that while the Guidelines' advisory sentencing range was 33-41 months, the maximum sentence permitted by statute was 24 months. McGilvery filed a sentencing memorandum seeking a 120-month sentence on the substantive offense and a concurrent, 24-month revocation sentence, or alternatively, a 6-month consecutive revocation sentence.

The district court handled the sentencing for the substantive drug offense and the supervised-release violations *seriatim* in a single proceeding, focusing first on the sentence for the drug charge. After hearing argument from counsel, the district court announced a sentence of 120 months for the substantive offense. The court then proceeded to the revocation hearing. McGilvery admitted to three of the supervised-release violations alleged in the petition, and the government dismissed the remaining violations. The district court heard arguments from the government and counsel for McGilvery as to the appropriate sentence, and the court imposed a consecutive sentence of 24 months. This appeal followed.

II.

On appeal, McGilvery does not challenge the sentence imposed on his drug offense or the substantive reasonableness of the revocation sentence. Instead, he challenges only

3

the procedural reasonableness of the revocation sentence, arguing that the district court failed to adequately explain the sentence imposed.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and this court will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable," *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (cleaned up). A revocation sentence is procedurally reasonable if the district court has considered relevant Sentencing Guidelines, the policy statements, and the 18 U.S.C. § 3553(a) factors it is permitted to consider in the revocation context. *See* 18 U.S.C. § 3583(e); *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006). While the district court must provide an explanation for the chosen sentence, the explanation for a revocation sentence "need not be as detailed or specific" as the explanation of the original sentence. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). The requirement that a sentencing court explain the sentence imposed

> focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes. Appellate review is not a game of "Gotcha!" where we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name. Rather, when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support.

*United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up). Applying these principles here, we conclude that McGilvery's revocation sentence is not plainly unreasonable.

4

The district court correctly calculated the applicable policy statement range, considered the relevant statutory factors, and imposed a sentence within the statutory maximum. The court gave sufficiently detailed reasons for its decision to impose the statutory maximum revocation sentence and for its decision to run it consecutive to the sentence for the drug offense, focusing on the need for general and specific deterrence and McGilvery's breach of the court's trust by committing a more serious offense so soon after being released from prison for his *previous* violation of the terms of supervised release. *See* J.A. 68-69, 77-80.

Although the district court did not specifically mention every argument made by counsel to support the request for a concurrent sentence, that does not render the sentence unreasonable. It is apparent from the record that the court considered and understood all of the arguments raised in McGilvery's sentencing memorandum. The court expressly stated that it had read and considered the memorandum, *see* J.A. 44, 50, 68, and the court during the hearing addressed some of McGilvery's arguments that had been raised only in the memorandum, *see* J.A. 67, 69-70. Moreover, the court recommended that McGilvery participate in substance abuse and mental health treatment programs while in prison, which shows the court's consideration of McGilvery's personal history and difficulties, and the court referenced a letter of support from McGilvery's daughter when urging McGilvery to finally take the steps necessary to turn his life around. *See* J.A. 81-82. The record as a whole thus establishes the district court's familiarity with the facts of the case and understanding of the arguments raised by counsel. Because the district court adequately addressed McGilvery's central basis for seeking a concurrent revocation sentence, the

5

court's failure to mention every point McGilvery made does not amount to procedural error. *See Powers*, 40 F.4th at 137.

Nonetheless, even if we were to find the court's explanation inadequate, any error would be harmless, and reversal would not be required. As noted, the record shows that the district court understood the facts of the case and considered all of McGilvery's arguments in mitigation, and the court explained why it believed a consecutive revocation sentence was appropriate in this case. Under these circumstances, "the notion that having to explain its analysis further might have changed the district court's mind . . . is simply unrealistic . . . , and remand for resentencing would be a pointless waste of resources." *United States v. Boulware*, 604 F.3d 832, 840 (4th Cir. 2010).

### III.

Accordingly, for the foregoing reasons, we hereby affirm McGilvery's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*